**WAGNER, Adm'r, v. NAEDELEN.**

No. 20903. Opinion Filed May 31, 1932.

Rehearing Denied Oct. 18, 1932.

Emery A. Foster, for plaintiff in error.

Erwin & Erwin, for defendant in error.

HEFNER, J. This is an action brought in the district court of Lincoln county by Minnie Naedelen against F. E. Wagner, administrator of the estate of Etta Wagner, deceased, to recover the sum of $500 for funds advanced to pay for medicine and doctor bills and for board and nursing of deceased during her last illness. The defense was a general denial. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff for the amount claimed. Defendant has appealed and asserts that the evidence is insufficient to sustain the judgment, and that the court erred in overruling his demurrer thereto, and in overruling his motion for a directed verdict.

Plaintiff offered evidence tending to prove the allegations of her petition. At the conclusion of her evidence, defendant demurred thereto on the ground that it was insufficient to authorize a recovery. The demurrer was overruled. Defendant then offered his evidence and rested. At the conclusion of the evidence, he offered the following motion:

"We move for a dismissal of the cause for the reasons heretofore stated."

The motion was overruled. We fail to find a former motion for dismissal in the record, and we are not advised upon what ground counsel moved to dismiss the cause. Should we, however, treat the motion as one to dismiss because of insufficiency of the evidence to warrant a recovery, still, in our opinion, the trial court ruled correctly, as, under the theory upon which the case was tried, the evidence was sufficient upon which to submit the case to the jury.

Defendant also contends that the allegations of plaintiff's petition are insufficient to state a cause of action, in that it fails to allege that deceased agreed to pay plaintiff for the money advanced and the services rendered; and that the court erred in overruling his demurrer thereto. It was not essential for plaintiff to allege that there was an express promise by decedent to pay therefor; nor was it necessary that she allege an express contract between herself and decedent for the performance of the services. The allegations of the petition are sufficient to sustain a recovery on an implied contract. Plaintiff alleged that these services were performed by her and

accepted by deceased and that the reasonable value thereof was $500. The allegations of the petition are sufficient, and there was no error in overruling defendant's demurrer thereto.

The judgment is affirmed.

RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent. ANDREWS, J., not participating.

Note.—See under (2) 14 R. C. L. 817 et seq.; R. C. L. Perm. Supp. p. 3683; R. C. L. Pocket Part, title Instructions, § 76.